IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES ALAN KUNKEL, #1670462 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv292 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner filed objections.

In Petitioner's objections, he essentially reurges the issues already raised and discussed in the Report. He objects, however, to the standard of review in petitions for writ of habeas corpus; specifically, as it concerns procedurally barred claims. Petitioner also asserts that, because the Texas Court of Criminal Appeals ("TCCA") denied his state application for writ of habeas corpus without written order, his claims should not be considered procedurally barred. The Report correctly outlines the doctrine behind the standard of review:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722 (1991). Furthermore, a state application that is denied without written order by the TCCA, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999). Petitioner reasons that his appellate attorney must have

1

been ineffective because he failed to raise certain issues on direct appeal - the same issues that are procedurally barred. An appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. The Court notes Petitioner fails to show claims with merit that should have been raised. The objections are without merit.

Petitioner also reurges various ineffective assistance of counsel claims. These claims were properly considered and explained in the Report. In fact, the Report notes that Petitioner repeatedly provided only conclusory allegations, and bald assertions and conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996). Although properly denied for that reason alone, a discussion was provided based on Petitioner's more developed state habeas proceedings. The Report notes that most of Petitioner's arguments concern an offense of which he was not found guilty, noting that any error on such basis is irrelevant. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). In each of Petitioner's claims, he fails to meet his burden showing that the adjudication of his claims in state court proceedings (1) was contrary to federal law then clearly established in the holdings of the Supreme Court; (2) involved an unreasonable application of clearly established Supreme Court precedent; or (3) was based on an unreasonable determination of the facts in light of the record before the state court. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). Therefore, Petitioner is not entitled to habeas relief.

In conclusion, Petitioner presents issues that were procedurally barred, irrelevant to his conviction, and without merit. He fails to show the state habeas court erred. *Id.* The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is therefore **ORDERED** the petition is **DENIED** with prejudice. Additionally, a certificate of appealability is **DENIED**.

It is finally **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 27th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE